Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
332 North Second Street
San Jose, California 95112
Telephone (408) 298-2000
Facsimile (408) 298-6046
E-mail:  tanya@moorelawfirm.com

Attorney for Plaintiff
Craig Crandall

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG CRANDALL, | No. |
| Plaintiff, | **COMPLAINT ASSERTING DENIAL OF RIGHT OF ACCESS UNDER AMERICANS WITH DISABILITIES ACT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, DAMAGES, ATTORNEYS' FEES AND COSTS (ADA)** |
| vs. | |
| STARBUCKS CORPORATION, a Washington corporation, aka STARBUCKS COFFEE COMPANY, dba STARBUCKS COFFEE #5262; THUER FAMILY PARTNERSHIP, A CALIFORNIA LIMITED PARTNERSHIP; | |
| Defendants. | |

## I. SUMMARY

1.      This is a civil rights action by plaintiff CRAIG CRANDALL ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

> Starbucks Coffee #5262
> 6471 Almaden Expressway, Ste. 90
> San Jose, CA 95120
> (hereafter "the Facility")

2.      Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and costs, against STARBUCKS CORPORATION, a Washington corporation, aka

1    STARBUCKS COFFEE COMPANY, dba STARBUCKS COFFEE #5262; and THUER

2    FAMILY PARTNERSHIP, A CALIFORNIA LIMITED PARTNERSHIP (hereinafter

3    collectively referred to as "Defendants"), pursuant to the Americans with Disabilities Act of

4    1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California statutes.

## II.   JURISDICTION

6    3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for

7    ADA claims.

8    4.    Supplemental jurisdiction for claims brought under parallel California law –

9    arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

10    5.    Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.   VENUE

12    6.    All actions complained of herein take place within the jurisdiction of the

13    United States District Court, Northern District of California, and venue is invoked pursuant

14    to 28 U.S.C. § 1391(b), (c).

## IV.   PARTIES

16    7.    Defendants own, operate, and/or lease the Facility, and consist of a person (or

17    persons), firm, and/or corporation.

18    8.    Plaintiff is substantially limited in the ability to walk and requires the use of a

19    wheelchair for mobility.  Consequently, Plaintiff is "physically disabled," as defined by all

20    applicable California and United States laws, and a member of the public whose rights are

21    protected by these laws.

## V.   FACTS

23    9.    The Facility is a public accommodation facility, open to the public, which is

24    intended for nonresidential use and whose operation affects commerce.

25    10.    Plaintiff visited the Facility and encountered barriers (both physical and

26    intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the

27    goods, services, privileges and accommodations offered at the Facility.  Plaintiff personally

28    encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or

about January 17, 2015:

    a)    The area in front of the transaction counter was obstructed by merchandise displays which were placed in the center of the store, causing Plaintiff difficulty in maneuvering within the ordering queue and approaching the counter.

    b)    Plaintiff was unable to locate an accessible route of travel to the restroom. His route was blocked by tables and chairs being used by other patrons, and the space between the tables and the nearby pick-up counter was not wide enough for his wheelchair to fit through. Plaintiff was forced to ask other patrons to get up and move the tables and chairs to allow him to pass by in order to access the restroom, which was extremely embarrassing.

11.     The barriers identified in paragraph 10 herein are only those that Plaintiff personally encountered.  Plaintiff is presently unaware of other barriers which may in fact exist at the Facility and relate to his disabilities.  Plaintiff will seek to amend this Complaint once such additional barriers are identified as it is Plaintiff's intention to have all barriers which exist at the Facility and relate to his disabilities removed to afford him full and equal access.

12.     Plaintiff was, and continues to be, deterred from visiting the Facility because Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities. Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility once the barriers are removed.

13.     Defendants knew, or should have known, that these elements and areas of the Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, Defendants have the financial resources to remove these barriers from the Facility (without much difficulty or expense), and make the Facility accessible to the physically disabled.  To date, however, Defendants refuse to either remove

those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14.     At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Facility to remove impediments to wheelchair access and to comply with the 1991 ADA Accessibility Guidelines and/or the 2010 Standards for Accessible Design.  Defendants have not removed such impediments and have not modified the Facility to conform to accessibility standards.  Defendants have intentionally maintained the Facility in its current condition and have intentionally refrained from altering the Facility so that it complies with the accessibility standards.

15.     Plaintiff further alleges that the (continued) presence of barriers at the Facility is so obvious as to establish Defendants' discriminatory intent.  On information and belief, Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Facility; conscientious decision to maintain the architectural layout (as it currently exists) at the Facility; decision not to remove barriers from the Facility; and allowance that Defendants' property continues to exist in its non-compliant state.  Plaintiff further alleges, on information and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.

## VI.     FIRST CLAIM

### Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

16.     Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17.     Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation.  42 U.S.C. § 12182(a).

18.     Defendants discriminated against Plaintiff by denying Plaintiff "full and equal

1   enjoyment" and use of the goods, services, facilities, privileges and accommodations of the

2   Facility during each visit and each incident of deterrence.

3   <u>Failure to Remove Architectural Barriers in an Existing Facility</u>

4   19.   The ADA specifically prohibits failing to remove architectural barriers, which

5   are structural in nature, in existing facilities where such removal is readily achievable.  42

6   U.S.C. § 12182(b)(2)(A)(iv).

7   20.   When an entity can demonstrate that removal of a barrier is not readily

8   achievable, a failure to make goods, services, facilities, or accommodations available through

9   alternative methods is also specifically prohibited if these methods are readily achievable.

10   <u>Id</u>. § 12182(b)(2)(A)(v).

11   21.   Here, Plaintiff alleges that Defendants can easily remove the architectural

12   barriers at the Facility without much difficulty or expense, and that Defendants violated the

13   ADA by failing to remove those barriers, when it was readily achievable to do so.

14   22.   In the alternative, if it was not "readily achievable" for Defendants to remove

15   the Facility's barriers, then Defendants violated the ADA by failing to make the required

16   services available through alternative methods, which are readily achievable.

17   <u>Failure to Design and Construct an Accessible Facility</u>

18   23.   Plaintiff alleges on information and belief that the Facility was designed and

19   constructed (or both) after January 26, 1993 – independently triggering access requirements

20   under Title III of the ADA.

21   24.   The ADA also prohibits designing and constructing facilities for first

22   occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals

23   with disabilities when it was structurally practicable to do so.  42 U.S.C. § 12183(a)(1).

24   25.   Here, Defendants violated the ADA by designing and constructing (or both)

25   the Facility in a manner that was not readily accessible to the physically disabled public –

26   including Plaintiff – when it was structurally practical to do so.[1]

27

28

---

[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Crandall v. Starbucks Corporation, et al.*
Complaint

Failure to Make an Altered Facility Accessible

26.    Plaintiff alleges on information and belief that the Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

27.    The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible.  42 U.S.C. § 12183(a)(2).  Altering an area that contains a facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

28.    Here, Defendants altered the Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – to the maximum extent feasible.

Failure to Modify Existing Policies and Procedures

29.    The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature.  42 U.S.C. § 12182(b)(2)(A)(ii).

30.    Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31.    Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations.  42 U.S.C. § 12205.

32.    Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act.

//

//

//

*Crandall v. Starbucks Corporation, et al.*
Complaint

## VII.   SECOND CLAIM

### Unruh Act

33.     Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for this claim.

34.     California Civil Code § 51 states, in part, that:   All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

35.     California Civil Code § 51.5 also states, in part that:   No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

36.     California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

37.     Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

38.     These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

39.     Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

40.     Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

### VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

41.     Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for this claim.

42.     Health and Safety Code § 19955(a) states, in part, that:   California public accommodations or facilities (built with private funds) shall adhere to the provisions of

Government Code § 4450.

43.     Health and Safety Code § 19959 states, in part, that:  Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

44.     Plaintiff alleges the Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

45.     Defendants' non-compliance with these requirements at the Facility aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly, Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## IX.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

1.     Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.     Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act damages.

3.     Statutory minimum damages under section 52(a) of the California Civil Code according to proof.

4.     Attorneys' fees, litigation expense, and costs of suit.[2]

5.     Interest at the legal rate from the date of the filing of this action.

6.     For such other and further relief as the Court deems proper.

Dated: April 21, 2015                    MOORE LAW FIRM, P.C.


                                         */s/ Tanya E. Moore*
                                         Tanya E. Moore
                                         Attorney for Plaintiff
                                         Craig Crandall

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Crandall v. Starbucks Corporation, et al.*
Complaint

# VERIFICATION

I, CRAIG CRANDALL, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated:  April 21, 2015          /s/  Craig Crandall
                                Craig Crandall

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                /s/ Tanya E. Moore
                                Tanya E. Moore, Attorney for
                                Plaintiff, Craig Crandall