1  Tanya E. Moore, SBN 206683
2  Zachary M. Best, SBN 166035
   MISSION LAW FIRM, P.C.
3  332 North Second Street
   San Jose, California 95112
4  Telephone (408) 298-2000
   Facsimile (408) 298-6046
5  Email: tanya@mission.legal

6  Attorneys for Plaintiff
   Craig Crandall

7

8

                    UNITED STATES DISTRICT COURT

                    NORTHERN DISTRICT OF CALIFORNIA


CRAIG CRANDALL,                        )   No. 3:15-cv-01828-JSC
                                       )
            Plaintiff,                 )   **DECLARATION OF CRAIG CRANDALL
                                       )   IN SUPPORT OF HIS MOTION FOR
       vs.                             )   SUMMARY JUDGMENT OR, IN THE
                                       )   ALTERNATIVE, SUMMARY
STARBUCKS CORPORATION, a               )   ADJUDICATION**
Washington corporation, aka STARBUCKS  )
COFFEE COMPANY, dba STARBUCKS          )
COFFEE #5262, et al.,                  )   Date: March 23, 2017
                                       )   Time: 9:00 a.m.
            Defendant.                 )   Courtroom: F
                                       )   Magistrate Judge Jacqueline Scott
                                       )   Corley
                                       )
                                       )
                                       )
                                       )
                                       )

DECLARATION OF CRAIG CRANDALL

I, Craig Crandall, hereby declare as follows:

1. I am the Plaintiff in the above-entitled action. I am over the age of 18 years. I have personal knowledge of the matters set forth herein and if called to testify, could and would testify competently thereto.

2. I am a T9 paraplegic as a result of a traffic accident. I am paralyzed from my T9 vertebrae, down. As a result of my physical conditions, I cannot walk. I began using a wheelchair for mobility in September of 2002.

3. The California Department of Motor Vehicles has issued me a disabled persons placard, which permits me to park in parking spaces designated for use by persons with disabilities. Attached as Exh. A hereto, is a true and correct copy of my placard.

4. In my almost 15 years in a wheelchair, I have become especially keen in determining the width of paths of travel that my wheelchair must pass through. This is a necessary skill for a person in a wheelchair in order to avoid getting stuck or creating other problems. My wheelchair is 27" wide. Knowing this, I can come up with fairly accurate measurements of clear widths by using my wheelchair as a measuring stick of sorts. I know that when I am passing through a path that is 36" wide, I have no problems. If the path is less than 36", I experience great difficulty or impossibility passing through the path. Although my chair is 27" wide, I need extra clearance on either side to use my arms to propel my wheels or else I risk skinning my knuckles or not being able to move my chair at all. The nine extra inches beyond the width of my chair that the codes provide for paths of travel amounts to 4.5" on either side of my chair, which is just enough to comfortably use my arms to propel my chair.

5. On January 17, 2015, I visited the Starbucks located at 6471 Almaden Expressway, Ste. 90, San Jose, CA, to buy coffee. Attached as Exh. B is a true and correct copy of my receipt from my visit. Once inside, it was very difficult for me to get around because merchandise and displays were placed in the center of the store such that they created a bottleneck for all of the customers who were waiting to order and pick up their drinks. The path through the store was not wide enough for me to get through in my wheelchair without asking

people to move. For the same reason, it was difficult for customers to get around me, which was very embarrassing to me. Had the merchandise displays not been in the center of the store, there would have been considerably more room for the people to stand, and would have provided a path of travel that would have made it easy to get around.

6. Merchandise and displays were placed in the center of the store and in front of the transaction counter, which made it very difficult for me to maneuver to the cashier. The displays in the middle of the room basically divided the room into two pathways. One path was behind the displays. People were using this path to exit the store. The area in front of the displays was full of people waiting to order or receive their drinks. The displays in front of the transaction counter had narrowed the waiting area in front of the counter causing people to bunch up in the confined area. It was difficult for me to get to the cashier. I had to ask people to move, which was embarrassing to me. I need a certain amount of clear floor space next to the counter so that I can pull my wheelchair alongside it. I was unable to properly maneuver my chair to the counter because only three feet was clear next to the counter. I had to come in at an angle, and only the front corner of my chair was able to reach the side of the counter. This makes it difficult to reach the counter and pay. My chair took up all of the space between the two cash registers, which caused people to wait behind me even though there were two cashiers open. This was embarrassing to me. Once I reached the cashier, the transaction counter was full of merchandise which made it difficult for me to reach over and pay for my coffee because the counter was only two feet wide due to the obstructions.

7. On my way to the bathroom, I was unable to locate an accessible route of travel to the restroom. My route was blocked by tables and chairs being used by other patrons, and the space between the tables/chairs and the nearby pick-up counter was no more than two feet wide, and thus was not wide enough for my wheelchair to fit through. I was forced to ask other patrons to get up and move their chairs to allow me to pass by in order to access the restroom, which was extremely embarrassing to me. I had to do the same on the way back from the bathroom.

///

Declaration of Craig Crandall

Page 2

1	     8.	When I wanted to leave Starbucks, the only open path to the exit was an "exit
2	aisle" behind the displayed merchandise which was placed in center of the lobby.
3	Unfortunately, the merchandise was displayed in such a fashion that the aisle it created was no
4	approximately two feet wide and thus was too narrow for my wheelchair to get through. Instead,
5	I had to again ask patrons to move so that I could get by. This was very embarrassing to me. I
6	felt like a bull in a china shop trying to leave the store without running into other customers or
7	knocking over merchandise.
8	     9.	I reviewed the CASp report generated by my expert, Michael Bluhm, from his
9	August 12, 2015 inspection of Starbucks. The report contains only barriers that relate to my
10	disability. I am aware that the following barriers to my full and equal access remain at the
11	Starbucks:
12	     a.	The door threshold is too tall. Door thresholds that are too tall can cause me
13	difficulty getting my wheelchair over them. Tall thresholds can cause my wheelchair to "hang
14	up" on the threshold and get stuck;
15	     b.	The door closing speed is too fast. Door closing speeds are important to me.
16	Doors that close too fast will shut on me or my wheelchair which not only makes it difficult to
17	get through a door, but it is also embarrassing for a door to close on me. Doors adjusted to a
18	proper closing speed will slowly close and give me enough time to get through the door;
19	     c.	The bathroom door opening pressure is too heavy. It is difficult for me from a
20	sitting position to open a door that is too heavy. I have to struggle to open the door, while at the
21	same time controlling my wheelchair;
22	     d.	The arrangement of the seating does not offer the same experience for me as it
23	does for other customers. I have to use an accessible table. The accessible table is pushed up
24	against a window. It is blocked on one end by a magazine rack. This means that I can only sit
25	with at most, one other person at the table. Other tables at Starbucks can seat up to four or more
26	people. In addition, directly on the other side of the window, is the exterior accessible table
27	which is also pushed up against the same window. Therefore, my view from out of this window
28	would be looking directly into the face a few feet away of the person sitting at the accessible

Declaration of Craig Crandall

Page 3

1  table outside. At Starbucks, there is counter seating, comfy chair seating, and table seating that
2  offer a variety of settings and views. If someone wants to sit in any of those areas, they can. I,
3  however, have only one choice of seating in the interior. If I want to sit at a table with my wife
4  and two kids, I cannot, because the accessible table has only two seats. This is frustrating to me.
5  Also, there was a table adjacent to the accessible table. If I sat at the accessible table, I would
6  completely block the exit path for the patrons at the other table.

7       e.    The interior accessible table does not have a clear path of travel to reach it.
8  Additionally, there is not enough space for me to sit at the table because other tables and chairs
9  are placed too close to the accessible table and they crowd it. This effectively means that there
10 is no place for me to sit at Starbucks. Instead, I must return to my car and drink my coffee in my
11 car. This is frustrating to me and makes me feel that Starbucks does not consider my needs as a
12 disabled person.

13      f.    The elevated counter does not have a lowered portion for me to sit at. I
14 sometimes like to sit at counters, however, the countertop is at or above my head, making it
15 impossible to use. If the counter was lowered, the counter also does not have sufficient knee and
16 toe clearance for me to sit at it. This is frustrating to me because it is impossible for me to sit at
17 the counter.

18      g.    The straws and stirring sticks located on the pickup counter were placed out of
19 reach range. Basically, if you have to reach over an obstruction (in this case, the deep counter
20 itself) it limits my reach range. The straws and stirring sticks are located at the back end of the
21 counter which is very difficult, if not impossible for me to reach. This is frustrating and
22 embarrassing to me because I have to ask someone else to help me.

23      h.    There is an unsecured floor mat at the Starbucks. These can bunch up as I push
24 my wheelchair over them, and get caught in my wheels. This makes it very difficult for me to
25 get around.

26      i.    The trashcan in the men's bathroom is located just inside the doorway. This
27 impedes in the clear space I need to maneuver my chair coming and going from the bathroom. It
28 essentially blocks my path. This makes it difficult to for me to use the bathroom.

Declaration of Craig Crandall

    j. The bathroom sink does not provide the required knee space. This means that I have to sit far back from the sink, which makes it difficult, if not impossible, for me to wash my hands. I have to reach extra far to the faucet. If I cannot wash my hands, I risk getting a urinary tract infection when I am emptying my catheter. The sink also has exposed water lines. This can cause me to burn myself if my knees come into contact with the hot water lines. In addition, the water lines sometimes contain sharp elements that can cut my knees when I pull under the sink. If the water lines were properly wrapped with insulation, this would not occur.

    k. The toilet in the men's bathroom is located too far from the side wall. Having a proper distance from the sidewall is important for me to transfer from my chair to the toilet. This is because the grab bar is located on the adjacent wall. If the toilet is too far from the wall, it is difficult to reach the grab bar, and I risk falling. In addition, if there is too much space between the toilet and wall, I risk falling between the toilet and wall, and will not be able to get up.

    l. The mirror is too high. This means I have difficulty seeing myself in the mirror because I sit down low in my wheelchair. This is frustrating to me because I want to use the mirror just like everyone else.

    m. The soap dispenser is too high. This is important to me because I have to wash my hands prior to handling my catheter, or else I risk getting a urinary tract infection. A soap dispenser mounted too high makes it difficult, if not impossible, for me to reach it.

    n. The toilet paper dispenser is located too close to the toilet. Because my maneuverability is limited, I need the toilet paper dispenser located in its proper location. Otherwise, it is quite difficult to reach it.

    10. I live approximately ten miles from the Starbucks located at 6471 Almaden Expressway, Ste. 90, San Jose. I visit this Starbucks sometimes when I am in that area and feel like having a coffee. I enjoy Starbuck's coffee. I have been to this location probably between five and ten times. I can recall twice specifically experiencing the barriers listed in my complaint. Since June 17, 2015, I have returned to this location several times, including once when I elected to stay in my car, while my wife went in to get coffee for me. I did not go inside

because I knew that this location is very difficult for me to maneuver through. I will continue to frequent this location once it is made accessible to me.

I swear under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: January 25, 2017

Craig Crandall, Declarant